# United States District Court for the District of Maryland

| | |
|---|---|
| United States of America | |
| v. | Crim. No. CCB-17-0545 |
| Kevin Forrest | |

### DEFENDANT'S REPLY TO THE GOVERNMENT'S RESPONSE IN OPPOSITION TO MOTION TO WITHDRAW GUILTY PLEA

Defendant, Kevin Forrest, through counsel, respectfully replies to the Government's Response in Opposition to Motion to Withdraw Guilty Plea as follows:

## I. THE GOVERNMENT'S POSITION.

1. The government claims that Mr. Forrest's motion to withdraw his guilty plea should be denied because (1) Fed. R. Crim. P. 11(e) and the Fourth Circuit's remand order bar withdrawal of Mr. Forrest's guilty plea and (2) that there is no fair and just reason to permit withdrawal of the plea. *Government's Response in Opposition to Motion to Withdraw Guilty Plea ("Gov. Opp."), at 1*. The government is wrong on both counts.

## II. RULE 11(e) DOES NOT BAR WITHDRAWAL OF MR. FORREST'S PLEA BECAUSE THIS CASE IS IN A PRE-SENTENCING POSTURE.

2. Rule 11(e) bars withdrawals of guilty pleas after sentence has been imposed. Mr. Forrest's previously imposed sentence was a nullity. *United States v. Rogers,* 961 F.3d 291 (4th Cir. 2020) and *United States v. Singletary,* 984 F.3d 341 (4th Cir. 2021). He is in a pre-sentencing posture, therefore, Rule 11(e) has no applicability.

3. Rule 11(e) is intended to prevent withdrawal of a guilty plea by a defendant who is dissatisfied with his sentence. Mr. Forrest currently has no sentence with which to be dissatisfied. The Court of Appeals vacated Mr. Forrest's sentence and ordered a plenary resentencing. This Court may impose whatever sentence deemed appropriate within the strictures of the plea agreement and applicable law. Mr. Forrest may or may not be dissatisfied with the imposed sentence, but regardless of the level of satisfaction with the sentence, after it is imposed (and only after it is imposed) will Rule 11(e) bar withdrawal of the plea.[1]

---

[1] It is presumptuous for the government to argue that "the Defendant is surely aware that the district court is unlikely to change its assessment regarding the appropriate sentence of imprisonment". *Gov. Opp. at 7.*

# III. NEITHER THE COURT OF APPEALS REMAND NOR THE MANDATE RULE BARS WITHDRAWAL OF THE GUILTY PLEA.

## A. THE FOURTH CIRCUIT'S REMAND DOES NOT PRECLUDE WITHDRAWAL OF MR. FORREST'S GUILTY PLEA.

4. The government's argument confuses the two types of remands: a remand for additional findings of fact with subsequent return to the appellate court and a remand of the entire case occasioned by a judgment of the appellate court. Some courts refer to the former type of remands as remand a remand of the record, *see McFergson v. United States,* 770 A.2d 66 (D.C. 2001) or as a limited remand. *See State v. Reid,* 305 Md. (1985). When an appellate court orders this type of remand, the appellate court retains jurisdiction pending resolution of some matter in the lower court. After the lower court resolves the matters remanded, the case is automatically returned to the appellate court. No further notice of appeal is required to invoke the jurisdiction of the appellate court. Moreover, the judgment of the lower court is not vacated. In those instances, the lower court is limited by precisely what the higher court ordered it to do in the remand order. That was not done in this case. In this case, the Court of Appeals vacated the judgment of the lower court,[2] issued a mandate divesting the Court of Appeals of jurisdiction, and returned jurisdiction to the lower court. After this Court resentences Mr.

---

[2] In a criminal case, the sentence is the judgment, and the government agrees that the Fourth Circuit vacated his sentence. *Gov. Opp. at 8.*

Forrest and issues a new judgment, a new notice of appeal must be filed in order to again invoke the jurisdiction of the appellate court. *See Government's Response in Support of Motion to Remand to the District Court for Resentencing, Fourth Circuit, ECF #42, at 5, n. 2* (the government intends to reassert the appellate waiver "if, after resentencing, the Defendant appeals *again*"), emphasis added. The government thus acknowledges that the Fourth Circuit surrendered jurisdiction and that this Court has plenary jurisdiction, not just for resentencing, but for any other "proceedings" permitted by law. The upshot of this is that this Court now has plenary jurisdiction to do whatever acts deemed appropriate, including permitting Mr. Forrest to withdraw his plea.

    5. The government is also wrong to state that the Court of Appeals remanded the case "'for resentencing' only". *Gov. Opp. at 7*. The Court of Appeals ordered a remand "for resentencing". *Fourth Circuit Appeal No. 20-4007, ECF #43*. The "only" part was added by the government in its Opposition to the instant motion. The judgment of the Fourth Circuit remanded the case "for further proceedings", not limited to resentencing. *Id., ECF #44*. In other words, the mandate rule requires this Court to resentence Mr. Forrest. It does not limit what other proceedings this Court can undertake.

6. Recognizing that there is contrary authority, *Gov. Opp. at 8, n. 1,* the government cites a case from the Eastern District of New York, *United States v. Ageloff,* 809 F. Supp. 89 (E.D.N.Y. 2011), for the proposition that a remand for resentencing does not authorize the district court to entertain a motion to withdraw a guilty plea. *Ageloff* is easily distinguishable. *Ageloff* was remanded solely in order to recalculate the amount of restitution. In contrast, Mr. Forrest's initial sentencing was a nullity, and the case was remanded for a plenary resentencing. In addition, the grounds on which *Ageloff* sought to withdraw his guilty plea were, unlike the instant case, known to the defendant at the time of his initial proceedings in the district court. Finally, *Ageloff* never challenged his plea on appeal. Mr. Forrest did.

7. Likewise, by moving to remand, Mr. Forrest did not waive his *Rehaif* claim either in this Court,[3] or at the Fourth Circuit. Indeed, Mr. Forrest raised the *Rehaif* issue at the Fourth Circuit, and he never expressly waived that claim in his remand motion. A waiver is a knowing and intelligent relinquishment of a known right. *Schneckloth v. Bustamonte,* 412 U.S. 218 (1973). The government cites no authority for the proposition that moving for a remand waives previously briefed arguments. . For these reasons, Mr. Forrest did not "switch tactics" as alleged by the government. *Gov. Opp. at 5.*

---

[3] *Rehaif* had not been decided when this case was first in the district court.

## B. THE MANDATE RULE DOES NOT BAR WITHDRAWAL OF MR. FORREST'S GUILTY PLEA.

8. The mandate rule likewise does not bar withdrawal of Mr. Forrest's guilty plea. The government is correct in stating that the mandate rule precludes the lower court from relitigating issues decided by the higher court or waived. *Gov. Opp. at 7*. However, neither applies here. The Fourth Circuit did not decide the issue presented in the instant motion, the *Rehaif* issue as it relates to the voluntariness of Mr. Forrest's guilty plea. It ruled nothing except that Mr. Forrest's sentence was void under *Rogers* and *Singletary*. The mandate rule requires this Court to abide by the direction of the Court of Appeals. It will do so by resentencing Mr. Forrest. Neither the mandate rule nor the mandate issued in this case precludes this Court from doing anything else within its jurisdiction.

## IV. RULE 11(d)(2)(B) REQUIRES THIS COURT TO PERMIT MR. FORREST TO WITHDRAW HIS PLEA.

## A. THERE IS NO PRESUMPTION OF THE VALIDITY OF THE RULE 11 INQUIRY.

9. The government's argument that a properly conducted Rule 11 inquiry creates a "strong presumption" that the plea is valid, *Gov. Opp. at 9*, totally begs the issue. When, as here, the district court omits an element of the offense, the Rule 11 inquiry is not properly conducted.

10. The government's citation to *United States v. DeFreitas,* 865 F.2d 80 (4th Cir. 1989) and *United States v. Greer, Gov. Opp. at 10-11* do not support its position. *DeFreitas* involved a claim of ineffective assistance of counsel, decided under the two prong test of *Strickland v. Washington,* 466 U.S. 668 (1984). Its holding has no application to a motion to withdraw a guilty plea under Rule 11(d)(2)(B) especially where, as here, counsel was advising Mr. Forrest before *Rehaif* was decided and could not possibly have predicted the Supreme Court's *Rehaif* holding, and even if he did so advise Mr. Forrest it is unlikely that the Court would have agreed and advised Mr. Forrest of the status element at the Rule 11 hearing.[4] *Greer* likewise did not deal with Rule 11(d)(2)(B), but rather was decided under the plain error review of *United States v. Olano,* 507 U.S. 725 (1993) more particularly the third prong (prejudice) of the four part *Olano* test, likewise inapplicable to the situation here. Here, Mr. Forrest only needs to show any "fair and just" reason to withdraw his guilty plea.

11. For the same reason, the government's citations to the appellate cases, *Gov. Opp. at 15,* misses the point. Those appellate cases reviewed under a plain error standard. This Court must use a "fair and just" standard. Moreover, in the event this Court denies Mr. Forrest's motion to withdraw his

---

[4] The government concedes as much. *See Gov. Opp. at 22, citing Faris* 388 F.3d 452 (4th Cir. 2004).

guilty plea and in the event that Mr. Forrest appeals the decision of this Court, the Fourth Circuit will not review for plain error as this Court would have had the opportunity to rule on the issue. Rather, any appeal will be decided under an abuse of discretion standard, *United States v. Nicholson,* 676 F.3d 376, 383 (4th Cir. 2012), the Fourth Circuit deciding whether this Court abused its discretion in denying a motion to withdraw a guilty plea where the defendant was not advised of the elements of the offense.

**B. THE FAILURE TO ADVISE MR. FORREST OF THE ELEMENTS OF THE OFFENSE TO WHICH HE PLED PRESENTS A "FAIR AND JUST" REASON TO PERMIT HIM TO WITHDRAW HIS GUILTY PLEA.**

12. The government argues that the pre-sentencing standard of "fair and just reason" cannot be met because (1) the admitted *Rehaif* error did not render Mr. Forrest's plea involuntary because he admitted the facts satisfying the omitted element, (2) Mr. Forrest is guilty of the crime, (3) he had advice of competent counsel, (4) he waited nearly four years before filing his motion, and (5) withdrawal of the plea would prejudice the government (6) withdrawal will waste judicial resources. *Gov. Opp. at 9-10.* These arguments fall flat.

13. First, Mr. Forrest did not admit facts satisfying the omitted element. The omitted element was whether Mr. Forrest knew *at the time he possessed the firearms* that he was a member of the class of persons prohibited from

possessing firearms. Mr. Forrest admitted that he knew *at the time of his plea* that he was a member of the prohibited class. These are two different times, and what occurred between the two dates is significant. In the interim, he obtained counsel, and discussed the facts and the law with his counsel. He reviewed his presentence report which refreshed his memory regarding his prior convictions and the sentences he received. That he was aware of his status at the time of his plea does not determine whether he was aware of his status at the time of the alleged offense. The latter is the relevant time.

14. The government's claim that Mr. Forrest is guilty of the crime begs the issue. He is only guilty of the crime if, at the time he allegedly possessed the firearms, he knew that he was a member of the prohibited class. That is a matter of dispute in this case. Moreover, the question is not whether Mr. Forrest is guilty. The question is whether he would have pled guilty had he been aware of the elements which the government was required to prove.

15. The fact that Mr. Forrest's counsel may have been competent is irrelevant under the facts presented here. At the time counsel was giving advice to Mr. Forrest, *Rehaif* had not been decided. Therefore, perfectly competent counsel could not be expected to, and did not in this case, advise Mr. Forrest that knowledge that he was a member of the prohibited class at the

time he allegedly possessed the firearms was an element that the government was required to prove beyond a reasonable doubt.

16. The government's argument that Mr. Forrest's motion to withdraw his guilty plea came four years after his plea is a red herring. Mr. Forrest pled guilty on May 22, 2018. *Rehaif* was decided on July 23, 2019, more than a year later. It is, thus, disingenuous for the government to claim that Mr. Forrest "never sought to withdraw his guilty plea in the district court prior to his appeal". *Gov. Opp. at 7.* Mr. Forrest did not have the grounds to withdraw his guilty plea prior to his appeal because *Rehaif* had not been decided prior to his appeal. Mr. Forrest's *pro se* notice of appeal was apparently lost, and was not resurrected until December 30, 2019. Counsel was appointed by the Fourth Circuit on January 8, 2020. A brief was filed raising the *Rehaif* issue on April 3, 2020. The government successfully moved for abeyance pending resolution of the case of *United States v. Gary,* 954 F.3d 194 (4th Cir. 2020) first before the Fourth Circuit sitting *en banc* and later in the Supreme Court. The case remained in abeyance until June 18, 2021 when the government moved to lift the abeyance. *Fourth Circuit, Appeal #20-4007, ECF#36.* Meanwhile, the Fourth Circuit decided *United States v. Rogers,* 961 F.3d 291 (4th Cir. 2020) and *United States v. Singletary,* 984 F.3d 341 (4th Cir. 2021). *Rogers* and *Singletary* gave Mr. Forrest the authority with which to move to

remand this case to this Court. As the government correctly points out, Rule 11(e) precluded Mr. Forrest from moving to withdraw his plea as long as his case was in a pre-sentencing posture. Only after the Fourth Circuit ordered resentencing was Mr. Forrest authorized to move to withdraw his guilty plea. He promptly did so. Much of what the government characterizes as delay was due to the government's own request for abeyance. Much of the remainder of the time was due to the lack of precedent (*Rehaif, Rogers,* and *Singletary*) which were decided subsequent to Mr. Forrest's plea.

17. The government's recitation of Mr. Forrest's criminal record does not address the central issue of whether *at the time that Mr. Forrest allegedly possessed the firearms*, he was aware that he had been convicted of an offense carrying a term of incarceration in excess of one year. As Justice Sotomayor stated in her dissent in *Greer*, the passage of time, the age of the defendant, the imposition of a probationary sentence, the fact that a defendant was a juvenile at the time of the conviction, the designation of an offense as a misdemeanor under state law, the fact that a defendant served pre-trial incarceration, the existence of concurrent sentences, *United States v. Greer,* ___ U.S. ___, 141 S.Ct 2090, 2102-03 (2022). *See also United States v. Caldwell,* 7 F.4th 191, 213 (4th Circuit 2021) (defendant may be able to make an adequate showing on appeal that he did not know he was a convicted felon where he received sentences of less

than one year notwithstanding that his offenses were *punishable* by a term of incarceration of more than one year). Mr. Forrest's record parallels Justice Sotomayor's concerns. He was 16 years old at the time of the North Carolina conviction, some of his convictions were in excess of 25 years old,[5] he received some probationary and concurrent sentences, and some of his sentences were misdemeanors under state law. All of these bear on the ability of the government to prove that *at the time he possessed the firearms* he knew he had received a sentence in excess of a year imprisonment.[6]

18. The cases cited by the government, *Gov. Opp. at 18-19,* are easily distinguishable. All of those cases address attempts to withdraw a guilty plea because the defendant wished to file motions to suppress evidence. Since a guilty plea waives all non-jurisdictional challenges, *United States v. Bundy,* 392 F.3d 641, 644 (4th Cir. 2004), a post-plea desire to suppress evidence has no bearing on the voluntariness of the plea. By contrast, failure to advise a

---

[5] The government's reliance on Mr. Forrest's theft conviction from 2015 does not help the government. Mr. Forrest received a probationary sentence. Likewise, Mr. Forrest's convictions in 2014 and 2011 were for traffic offenses. The latest offense for which the government can claim that Mr. Forrest was aware of at the time of the instant offense was in 2008, nine years prior to the instant offense.

[6] The government distinguishes *United States v. Hodge,* 902 F.3d 420 (4th Cir. 2018), claiming that this Court can look to the entire record to determine whether the status element of the offense has been established. However, the government again uses the standard for appellate review, not the "fair and just" standard which this Court must employ.

defendant of the elements of the offense surely affects whether a plea is knowing and voluntary.

19. The government's claim of prejudice rings hollow. Withdrawal of Mr. Forrest's guilty plea would not require the government to proceed with charges of conspiracy to commit murder. Mr. Forrest was never indicted for such an offense. Withdrawal of Mr. Forrest's plea would result in retrial on the gun case only. In turn, this would require for the government to call as witnesses only the police officers who allegedly seized firearms from Mr. Forrest's residence.

20. In fact, the government could not prosecute Mr. Forrest for conspiracy to commit murder. According to the government, Mr. Forrest received a letter from Mr. Bailey asking Mr. Forrest to murder a government witness. This does not a conspiracy make. There is no evidence that Mr. Forrest agreed to silence the witness. Mr. Forrest contests that the letter was even opened prior to the arrival of the police. Without evidence of an agreement, there can be no conspiracy. Although the government is correct that this Court applied a four level increase under U.S.S.G. sec. 2K2.1(B)(6)(B) for use of the firearm in connection with another felony, *Gov. Opp. at 3*, in the plea agreement Mr. Forrest reserved the right to dispute this

enhancement. *Plea Agreement, ECF #19, p. 6.* Therefore, he did not agree that he conspired to commit a murder.

21. Moreover, the fact that the government claims that Mr. Forrest arranged to purchase a firearm after the letter from Bailey was *postmarked* is not evidence that Mr. Forrest conspired to commit murder. *Gov. Opp. at 2.* The postmark of the Bailey letter is not determinative. The relevant date is the date that Mr. Forrest opened the letter, if in fact he did open the letter.[7] Without evidence of opening the letter and the date thereof, the timing of Mr. Forrest's arranging to purchase of a firearm is irrelevant.

22. In fact, the government has no intention of prosecuting Mr. Forrest for conspiracy to murder its witness in the Dante Bailey case. Although Bailey's sending a letter to Mr. Forrest does not establish that Mr. Forrest was a co-conspirator of Mr. Bailey, it does establish that Mr. Bailey solicited the murder of the government witness. Yet, despite the passage of nearly five years, the government has not sought to prosecute Mr. Bailey for soliciting the murder of a government witness.

23. Furthermore, the government cannot reasonably claim that the potential target of the proposed murder would be required to once again

---

[7] Undersigned counsel has had recent experience with excessive delays in mail delivery. On December 21, 2021, counsel received at his home in Silver Spring a letter sent from a federal agency in Baltimore which was postmarked November 30, 2021.

testify. As noted above, there is no evidence that Mr. Forrest agreed to murder this witness, but even if there was, the potential victim himself would not need to testify. After all, he has no personal knowledge of any alleged murder plot.

24. Finally, allowing this Court to rule on the *Rehaif* claim in the first instance promotes rather than impedes judicial efficiency and may obviate the need for appellate consideration.

WHEREFORE, Mr. Forrest respectfully requests that his guilty plea be vacated.

Respectfully submitted,

/s/ Vincent A. Jankoski
Vincent A. Jankoski
Attorney for Defendant
Appointed by the Court
14717 Harvest Lane
Silver Spring, MD 20905
301-312-3441
vincejankoski@gmail.com

# CERTIFICATE OF SERVICE

I hereby certify that on March 28, 2022, a copy of the foregoing Defendant's Reply to the Government's Response in Opposition to Motion to Withdraw Guilty Plea was served on counsel for the government via the Court's electronic filing system.

/s/ Vincent A. Jankoski
Vincent A. Jankoski